RECEIVED
IN LAKE CHARLES, LA.

JAN 29 2015

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| FAYEZ and AMAL SHAMIEH, | * | CIVIL ACTION NO. 2:14-cv-2215 |
| Plaintiffs, | * | |
| v. | * | JUDGE MINALDI |
| HCB FINANCIAL CORP., ET AL., | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

***********************************************************************

### MEMORANDUM RULING

Before the Court is the defendants' Rule 72 Objection to the Report and Recommendation of the Magistrate Judge Regarding Motion to Remand [Doc. 31], to which the plaintiffs have filed Opposition [Doc. 35], to which the defendants have filed a Reply [Doc. 36]. For the following reasons, the Memorandum Ruling [Doc. 30] is **AFFIRMED** and the plaintiffs' Motion to Remand [Doc. 15] is **GRANTED.**

### FACTS & PROCEDURAL HISTORY

On April 28, 2006, Estephan Daher and the plaintiffs executed a mortgage and promissory note for $832,000 in favor of Central Progressive Bank ("CPB") for the purchase and development of property in Florida.[1] However, the Florida property was never developed for residential use and sale; the property still remains vacant.[2] Then, on November 18, 2011, CPB failed.[3] The Federal Deposit Insurance Corporation ("FDIC") assumed CPB's assets and

---

[1] *See* Pet. [Doc. 1-8] ¶ 10.
[2] *Id.* ¶ 14.
[3] *Id.* ¶ 18.

1

liabilities thereafter.[4] On December 14, 2011, CPB's assets and liabilities were assumed by First NBC Bank of New Orleans, Louisiana ("NBC").[5]

From 2007 through August 2012, the plaintiffs made payments on the promissory note with little or no financial help from their co-borrower, Estephan Daher.[6] The plaintiffs later found that the loan had been made and renewed under false pretenses and that the land was not worth its appraised value.[7] The plaintiffs filed suit in the Fourteenth Judicial District Court for the State of Louisiana on November 30, 2012, alleging fraud, misrepresentation, and collusion between CPB and Estephan Daher.[8] On November 30, 2012—a year after suit was filed—HCB took assignment of the loan at issue from First NBC Bank.[9] On June 30, 2014, HCB initiated an Involuntary Petition against Estephan Daher in the United States Bankruptcy Court for the Northern District of Florida, Pensacola Division, under Chapter 7 of the United States Bankruptcy Code.[10]

HCB sought removal of the suit pursuant to 28 U.S.C. § 1441(c), the Financial Institutions Reform and Recovery and Enforcement Act ("FIRREA") 12 U.S.C. § 1821 (13)(B)(i), 28 U.S.C. §§ 1334(b) and 1442, and Federal Bankruptcy Rule 9027(a)(2).[11] On July 22, 2014, the plaintiffs filed a Motion to Remand.[12] On October 21, 2014, the Magistrate Judge granted the plaintiffs' Motion,[13] and the defendants thereafter appealed.[14]

---

[4] Not. of Removal [Doc. 1] ¶ 4.
[5] Pet. [Doc. 1-8] ¶ 18
[6] *Id.* ¶ 20.
[7] *Id.*
[8] *Id.* ¶¶ 22-26.
[9] Not. of Removal [Doc. 1] ¶ 7.
[10] *Id.* ¶ 10.
[11] *Id.* ¶ 13.
[12] Mot. to Remand [Doc. 15].
[13] Mem. Ruling [Doc. 30].
[14] Appeal of Magistrate Judge Decision [Doc. 31].

## LAW & ANALYSIS

### I. Standard of Review

The defendants request that the court review the Magistrate Judge's decision under Federal Rule of Civil Procedure 72(b)(3) while acknowledging that most courts, including this one, have generally found a ruling on a remand is a nondispositive pretrial matter and subject to the standard of review in Federal Rule of Civil Procedure 72(a).[15] The plaintiffs assert that the Rule 72(a) provides the correct standard of review.[16]

Rule 72(a) dictates that a district judge must review decisions on nondispositive motions by the magistrate judge and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. PRO. 72(a). A finding may be said to be "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir.2007) (citation omitted). Rule 72(b)(3) states that in resolving objections to dispositive motions, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. PRO. 72(b)(3).

Although the law is, perhaps, unsettled in this circuit on this point, district courts in this circuit have generally adhered to the view that motions to remand are non-dispositive pretrial matters and have applied the clearly erroneous standard of review pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a). *See, e.g., Lonkowski v. R.J. Reynolds Tobacco Co.*, No. Civ. A. 96–1192, 1996 WL 888182, at *2–4 (W.D.La. Dec. 10, 1996); *Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc.*, 844 F.Supp. 1156, 1162 (S.D.Tex.1994); *Bethay v. Ford Motor Co.*, No. Civ. A. 99–0367, 1999 WL 496488, at *1 (E.D.La. July 13, 1999). The

---

[15] Rule 72 Objection by the Defendants to the Report and Recommendation of the Magistrate Judge ("Rule 72 Objection") [Doc. 31], at 3-5.
[16] Pls.' Opp. to Defs.' Rule 72 Objection [Doc. 35], at 2.

Fifth Circuit has also implicitly sanctioned the authority of a magistrate judge to consider and issue a remand order in a recent decision. Although the authority of the magistrate judge was not challenged, the Fifth Circuit affirmed an order remanding certain actions without objecting to the magistrate judge's actions. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 382–83 (5th Cir.2009). Accordingly, a motion to remand is a non-dispositive matter, and this Court will apply a deferential standard of review.

## II.   Assignment of Rights

The defendants assert that because of the principles of assignment, they have the power to remove the case under a portion of FIRREA that grants federal court jurisdiction to the FDIC:

> (2) Federal court jurisdiction
> (A) In general
> [. . . A]ll suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States.
> (B) Removal
> [ . . . T]he [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party.

12 U.S.C. §§ 1819(b)(2)(A)-(B). This jurisdiction is expansive and has been held to persist after the FDIC has been dismissed as a party, *FSLC v. Griffin*, 935 F.2d 691, 696 (5th Cir. 1991); when all claims against the FDIC has been dismissed and no successor in interest to the FDIC remains, *Adair v. Lease Partners, Inc.*, 587 F.3d 238, 243-45 (5th Cir. 2009); and even after the FDIC has been realigned as plaintiff, *Matter of 5300 Mem'l Investors, Ltd.*, 973 F.2d 1160, 1162 (5th Cir. 1992).

When determining which provisions of FIRREA apply to the FDIC's assignees, the Fifth Circuit has relied on federal common law because the statutes are silent as to their effect on assignees. *F.D.I.C. v. Bledsoe*, 989 F.2d 805, 809-10 (5th Cir. 1993). The core principle of

4

assignment under common law is that "[a]n assignee stands in the shoes of his assignor." *Id.* at 810. This means that the assignee derives the same but no greater rights and remedies than the assignor possessed. *Id.* (citing *Fox-Greenwald Sheet Metal Co. v. Markowitz Bros. Inc.,* 452 F.2d 1346, 1357 n. 69 (1971)). In applying this precept, courts have found that assignees are entitled to FIRREA's six-year statute of limitations even if the note goes into default after leaving the FDIC's hands, *Cadle Co. v. 1007 Joint Venture,* 82 F.3d 102, 104-05 (5th Cir. 1996) (citing *Bledsoe,* 989 F.2d at 810); that assignees, including bridge banks and private parties, are entitled to the same defenses as the FDIC under the *D'Onech, Duhme* doctrine, *Porras v. Petroplex Sav. Ass'n,* 903 F.2d 379, 381 (5th Cir. 1990); that private assignees are entitled to the status of a federal holder in due course, *Federal Sav. And Loan Ins. Corp. v. Cribbs,* 918 F.2d 557, 559 (5th Cir. 1990); and that a jurisdictional bar—the FIRREA requirement that a plaintiff must exhaust administrative remedies before bringing suit against the FDIC—also applies to assignees. *Benson v. JPMorgan Chase Bank, N.A.,* 673 F.3d 1207, 1215-16 (9th Cir. 2012).

  The extension of the rights under FIRREA to assignees facilitates Congress' policy of protecting failed institutions' assets. *Bledsoe,* 989 F.2d at 811. Shrinking the available rights under FIRREA chills the private market for the assets of failed banks. *Id.* Additionally, adopting a rule that would make federal jurisdiction contingent on who owned an interest on a property at a particular time could also chill normal business transactions "during the pendency of what might be lengthy litigation." *F.D.I.C. v. Four Star Holding Co.,* 178 F.3d 97, 100-101 (2d Cir. 1999) (holding that transfer of assets by FDIC to a private third party does not divest the court of subject matter jurisdiction).

However, it cannot be said that the Magistrate Judge's decision is "clearly erroneous." There is no conflicting law directly on this issue. While the Magistrate Judge took a narrow interpretation of the subject statute, it cannot be said that the statute was applied incorrectly.

### III.   Equitable Factors

In the Memorandum Ruling, the Magistrate Judge granted remand on the basis of abstention under 28 U.S.C. § 1334, which is read in conjunction with the equitable factors under 28 U.S.C. § 1452. The factors include (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties; (11) existence of a right to a jury trial; and (12) presence in the proceeding of nondebtor parties. *In re Republic Reader's Serv., Inc.,* 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987).

The Magistrate Judge considered the factors, and the defendants disagree with the application of those factors to the facts in this case. The application of the factors was not clearly erroneous or contrary to law. The defendants are correct that "a local action involving real property can only be brought within the territorial boundaries of the state where the land is

located." *Hayes v. Gulf Oil Corp.,* 821 F.2d 825, 827 (5th Cir. 1987). However, "decrees in personam for foreclosure, redemption, reformation, release, or cancellation of mortgages of land lying outside the jurisdiction may be valid." 30 A.C.J.S. Equity § 90. This will be an issue for the state court to determine because the Magistrate Judge's ruling was neither clearly erroneous nor contrary to law, and the ruling is therefore **AFFIRMED.**

Lake Charles, Louisiana, this 25 day of _____ Jan _____, 2015.

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

7